IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN HUNZELMAN, MELINA ADASHEFSKI, JOHN VILBIG, and IAN DOBELBOWER,<br>*Plaintiffs*<br><br>v.<br><br>PERRY'S RESTAURANTS LTD d/b/a PERRY'S STEAKHOUSE AND GRILLE and CHRISTOPHER V. PERRY, individually,<br>*Defendants* | Case No. 1:21-cv-01056-RP-SH |

**O R D E R**

Now before the Court is Plaintiffs' Motion for Clarification or, in the Alternative, Reconsideration of The Court's Order Adopting Report and Recommendation (Doc. 72), filed January 26, 2024 (Dkt. 62); Defendants Perry's Restaurants Ltd. and Christopher V. Perry's Response, filed February 7, 2024 (Dkt. 63); and Plaintiffs' Reply, filed February 12, 2024 (Dkt. 64). By Text Order entered February 1, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

This is one of eight cases filed in this Court against Defendants Perry's Restaurants Ltd. d/b/a Perry's Steakhouse and Grille and Christopher V. Perry alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. On January 2, 2024, the District Court adopted this Magistrate Judge's report and recommendation ("R&R," Dkt. 47) to grant in part and deny in part Plaintiffs' motion for partial summary judgment. The Court granted summary judgment as to

1

Perry's Restaurants' liability for the cost of Plaintiff John Vilbig's aprons, vests, pepper mills and holders, and crumbers. Dkt. 61 at 2. Summary judgment was denied in all other respects. *Id.*

Plaintiffs ask the Court to "clarify or modify that portion of the R&R that appears to prohibit Plaintiffs from arguing at trial that Defendants are prohibited from using the [FLSA's] tip credit defense in any week in which there was an unlawful deduction or expense borne by Plaintiffs." Dkt. 62 at 9. Defendants oppose the motion, arguing that Plaintiffs "rehash arguments previously made" and "seek an advisory opinion on matters they did not attempt to establish in their motions for partial summary judgment." Dkt. 63 at 7.

The parties remain deeply divided as to proper legal analysis and application of the FLSA tip credit. Because summary judgment was not granted on any claim except Defendants' liability for the costs described above, however, the Order does not prohibit Plaintiffs from making any arguments at trial as to whether Defendants are entitled to the tip credit defense.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Clarification of The Court's Order Adopting Report and Recommendation (Doc. 72) (Dkt. 62) and **AMENDS** the summary of the first claim remaining for trial in this case to:

(1) All Plaintiffs' claims that Defendants violated the FLSA's minimum wage requirements and are not entitled to the tip credit.

All other relief not expressly granted herein is **DENIED**.

**SIGNED** on February 20, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE